IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD LEWIS,

            Plaintiff,

  v.

J.J. THORPE,

            Defendant.

ORDER

19-cv-183-jdp

---

Pro se plaintiff Richard Lewis, an inmate at Waupun Correctional Institution, brings this lawsuit against officials at his previous prison, Columbia Correctional Institution (CCI). Lewis says that defendants J.J. Thorpe and Nurse Mashak violated the Eighth Amendment when they ignored his requests for dental treatment. After screening Lewis's complaint, Dkt. 1, I allowed Lewis to proceed on an Eighth Amendment medical-care claim against Thorpe, but I dismissed Mashak from the case. Dkt. 6. Lewis now moves for reconsideration of my order dismissing Mashak. Dkt. 7. I will deny the motion.

In Lewis's original complaint, he alleged that he sent a health service request to Mashak, in which he complained that his cavity fillings were causing pain and that the dental services department would not schedule an appointment to check his fillings. Lewis said that he "received a response stating, 'Forwarded to HSUM, R.N. DeYoung to ensure will schedule sick call to address tooth pain,'" Dkt. 1, ¶ 28, but that he "was never called to HSU to address his tooth pain." *Id.* ¶ 29. He eventually received treatment from the dental services unit.

Based on these allegations, I understood Lewis to be saying that Mashak received his request and forwarded it to DeYoung, who was the Health Services Unit manager. I concluded

that Lewis did not state a claim against Mashak because it was DeYoung, not Mashak, who caused the delay in treatment. Dkt. 6, at 4. (Lewis does not name DeYoung as a defendant.)

Lewis now clarifies that Mashak is the Health Services Unit manager. It seems that Lewis's request was reviewed by a third nurse (who is not a defendant), and that nurse forwarded copies of the request to both the Health Services Unit manager and DeYoung. *See* Dkt. 1-12 (health services request).

Lewis says that Mashak was deliberately indifferent to his medical needs, in violation of the Eighth Amendment, because she did not schedule an appointment after receiving his request. But to state a deliberate indifference claim, Lewis must allege that Mashak was both aware of Lewis's serious medical need and consciously failed to take reasonable measures to help him. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Lewis does not allege facts showing that Mashak failed to take reasonable measures; he says that DeYoung was supposed to schedule the appointment to address his tooth pain. Dkt. 1, ¶ 29. Lewis gives no reason why Mashak would have known that DeYoung didn't schedule the appointment. Because Mashak's inaction was reasonable, Lewis does not state a claim against her.

ORDER

IT IS ORDERED that plaintiff Richard Lewis's motion for reconsideration, Dkt. 7, is DENIED.

Entered August 9, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge