IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD LEWIS,

                      Plaintiff,

    v.                                                    OPINION and ORDER

J.J. THORPE,                                               19-cv-183-jdp

                      Defendant.

---

This lawsuit concerns dental care provided to pro se plaintiff Richard Lewis by defendant J.J. Thorpe. Lewis was incarcerated at Columbia Correctional Institution (CCI), where Thorpe worked as a dentist. Lewis says that Thorpe ignored Lewis's requests for treatment for his dental pain for several months. After screening Lewis's complaint under 28 U.S.C. §§ 1915 and 1915A, I granted Lewis leave to proceed on a claim against Thorpe under the Eighth Amendment to the United States Constitution.

Lewis has moved for summary judgment. Dkt. 20. Thorpe contends that summary judgment is unwarranted for several reasons, but I need to consider only one of them. A reasonable jury could conclude that Thorpe delayed Lewis's treatment based on his medical judgment, so I will deny Lewis's motion for summary judgment.

UNDISPUTED FACTS

The following facts are undisputed except where noted.

In December 2015, plaintiff Richard Lewis was incarcerated at CCI, where defendant J.J. Thorpe worked as a dentist two days each week.

If an inmate at CCI wants to be seen by dental staff, he must submit a dental services request. Thorpe says that he typically received between 40 and 100 such requests each day that he worked at CCI. Lewis disputes the volume of service requests that Thorpe says he received based on Lewis's personal knowledge that CCI houses only 800 inmates. I infer that Lewis believes that Thorpe could not have received service requests from such a high percentage of CCI's population each day. If Lewis's estimate of CCI's population is correct, Thorpe's estimate of the number of service requests he received seems high. But Lewis, not Thorpe, has moved for summary judgment, so I must resolve this factual dispute in Thorpe's favor.

Thorpe could only see about eight to 20 inmates per day, depending on what procedures were scheduled, so he had to prioritize the service requests he received. Most of the service requests that Thorpe received stated that the inmate was suffering some amount of pain because of dental problems.

Thorpe treated Lewis on August 18, 2015, filling three of his teeth. While treating Lewis, he also took x-rays of his teeth and conducted a general examination of Lewis's teeth. In the months after Thorpe filled Lewis's teeth, Lewis submitted five requests for dental services. On September 2, he said that a tooth was "still bothering [him]" and that "something [was] not right" after his filling. Dkt. 33, at 2. On October 23, he said that he was still in pain and that Thorpe had "ignored [his] cries." *Id.*, at 3. On November 19, he again said that his "cries [were] being ignored" and that he was still experiencing pain where he received the fillings. *Id.* at 4. On November 24, he again complained of pain from his fillings. And on December 28, he said that he was still experiencing pain and that he didn't understand why it was taking so long to be seen. Thorpe responded to each service request by checking boxes indicating that Lewis was on CCI's "routine wait list" and "teeth cleaning wait list." Dkt. 32,

¶ 25. Each form contained a space for Thorpe to indicate Lewis's approximate wait time, but Thorpe left each of these spaces blank. *See* Dkt. 33, at 2–6.

Thorpe eventually saw Lewis on January 19, 2016. After examining Lewis, he recommended that one of Lewis's teeth be extracted.[1] Thorpe retired the following week.

ANALYSIS

Lewis says that he is entitled to summary judgment on his Eighth Amendment claim against Thorpe. Lewis is entitled to summary judgment, only if taking all of Thorpe's evidence as true and drawing all reasonable inferences in Thorpe's favor, the undisputed facts show that Lewis is entitled to a judgment in his favor as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); Fed. R. Civ. P. 56(a). In other words, Lewis is entitled to summary judgment only if no reasonable jury could return a verdict for Thorpe. *Anderson*, 477 U.S. at 248.

Thorpe would be liable under the Eighth Amendment, if he was aware of a risk posed by Lewis's serious medical need and chose to disregard that risk. *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). A delay of treatment for a known serious medical need for nonmedical reasons violates the Eighth Amendment if it exacerbates the inmate's pain and suffering. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015).

---

[1] The parties also include proposed facts about whether Thorpe said that he would order pain medication for Lewis during his January 19 visit and whether Thorpe did so afterward. But Lewis doesn't address whether Thorpe's alleged failure to order the medication violated his Eighth Amendment rights in his motion for summary judgment, so I do not need to consider these facts at this point.

Thorpe contends that Lewis is not entitled to summary judgment because three issues are in genuine dispute: (1) whether Lewis's tooth pain was a serious medical need; (2) whether Thorpe was aware that Lewis had a serious medical need; and (3) whether Thorpe's choice to delay treating Lewis in favor of other patients was so blatantly inappropriate that it violated the Eighth Amendment. A reasonable jury could conclude that Thorpe's choice to delay treating Lewis did not violate the Eighth Amendment, so I do not need to consider Thorpe's other arguments. Thorpe also says that he is entitled to qualified immunity for his actions, but qualified immunity is generally not appropriate in straightforward Eighth Amendment cases like this one, and Thorpe hasn't shown that it should apply here.

## A. Delay of treatment

Lewis contends that Thorpe's choice to delay his treatment violated his Eighth Amendment rights because Thorpe was required to follow a Department of Adult Instruction (DAI) policy that governs the handling of requests for dental treatment. Under the version of this policy in effect at the time, Thorpe was required to triage service requests based on urgency. Dkt. 34, at 3. The policy also included a flowchart for how dentists should handle service requests indicating pain symptoms. *Id.*, at 10. If the inmate had current exam records and x-rays, Thorpe was to compare the inmate's reported pain symptoms to his dental records and determine whether the inmate's records correlated with his reported symptoms. If the symptoms correlated, Thorpe was to examine the inmate within 24 hours. If not, Thorpe was to document in the patient's record why the reported pain was unlikely and schedule a follow-up visit as appropriate.

Lewis says that the DAI policy required Thorpe to examine him within 24 hours of his first service request because his pain reports correlated with his dental records. Thorpe responds

4

that because he received far more service requests than he was able to fill, he was required to use his medical judgment, guided by the DAI policy, to determine how to prioritize service requests. He says that after receiving each service request, he checked Lewis's dental records to determine what the cause of his dental problems might be. According to Thorpe, local pain is commonly experienced around teeth that have been recently filled. For this reason, he says, he concluded that Lewis's pain reports were not unusual and didn't require urgent or emergency treatment.

Lewis may be correct that Thorpe's decision to delay his treatment violated the DAI policy. But a policy violation, standing alone, is not enough to establish that Lewis's constitutional rights were violated, although it may be relevant to whether they were. *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009). Thorpe says that he believed that other inmates' dental needs were more urgent than what he thought was Lewis's routine post-filling pain. Lewis's tooth ultimately needed to be extracted, so it seems that Thorpe was mistaken in his diagnosis. But "inadvertent error, negligence or even ordinary malpractice" does not violate the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). A reasonable jury could conclude based on Thorpe's testimony that his decision to delay Lewis's treatment was based on his medical judgment, which is entitled to deference "unless no minimally competent professional would have so responded under those circumstances," *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008)).

Lewis contends that Thorpe's choice to place him on the "routine wait list" rose to this level of error. He notes that DAI policy defines "routine" dental needs as "[a]symptomatic dental conditions for which a delay in completion of up to one year would not result in serious risk to the patient," Dkt. 35, at 3, and he says that Thorpe plainly should have assigned Lewis's

5

needs a higher level of priority. But Lewis hasn't adduced the type of evidence that would show that no minimally competent professional would have reached the same conclusion as Thorpe. Lewis did state in his service requests that he was experiencing pain, but his requests did not describe excruciating or agonizing pain. Thorpe says that most service requests describe some level of pain, and Lewis hasn't identified any evidence that proves that Thorpe's decision to prioritize other inmates' service requests over Lewis's was so mistaken that it violated the Eighth Amendment as a matter of law.

**B. Qualified immunity**

Thorpe also says that he is entitled to qualified immunity for his actions. Although Thorpe has not moved for summary judgment, I infer that he means to do so, as qualified immunity would shield him from liability for his actions. Thorpe says that qualified immunity should apply here because, based on the undisputed facts in this case, a reasonable dentist in his position might not have known that delaying Lewis's treatment would violate his Eighth Amendment rights. But this argument is not persuasive. In cases like this one that involve straightforward application of basic Eighth Amendment principles, the court of appeals has been reluctant to apply qualified immunity. *See, e.g., Estate of Clark v. Walker*, 865 F.3d 544, 552–53 (7th Cir. 2017); *Estate of Miller ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 991 (7th Cir. 2012); *Board v. Farnham*, 394 F.3d 469, 481 (7th Cir. 2005). This is because in such cases, the analysis of a claim's merits and the qualified-immunity analysis may "effectively collapse into one," *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002), as both will turn on how a reasonable person in the defendant's position would have responded. In any event, it is beyond question that both pain in general and dental pain in particular are serious medical needs and that needless delays in treating such pain can violate the Eighth Amendment. *See, e.g., Berry v.*

*Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (prison doctor who failed to refer prisoner to dentist after "persistent complaints of severe dental pain over a period of weeks" not entitled to summary judgment on Eighth Amendment claim). Thorpe is not entitled to qualified immunity on Lewis's claim.

## CONCLUSION

The jury may well agree with Lewis that Thorpe's choice to delay treatment violated Lewis's constitutional rights by unnecessarily prolonging his pain and suffering. But the jury could also reasonably reach the opposite conclusion. Thorpe is not entitled to qualified immunity for his actions. So Lewis will have to prove his claim against Thorpe at trial. I will follow this order with a "trial preparation order" that will include specific instructions about how Lewis should present his claim at trial.

## ORDER

IT IS ORDERED that plaintiff Richard Lewis's motion for summary judgment, Dkt. 20, is DENIED.

Entered August 26, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge